(No. 25655.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANCES FEELEY *et al.* Plaintiffs in Error.

*Opinion filed October 15, 1940.*

LINDAUER & LINDAUER, and SAM S. PESSIN, for plaintiffs in error.

JOHN E. CASSIDY, Attorney General, LOUIS P. ZERWECK, State's Attorney, and A. B. DENNIS, for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Frances Feeley and Peggie Nash were convicted by a jury in the circuit court of St. Clair county for larceny of certain wearing apparel and other department store merchandise valued at $28.16. They have sued out this writ of error.

On December 8, 1939, police officers of East St. Louis halted Edward Beckler for driving at an excessive rate of speed. Discovering a shoplifter's box together with a quantity of merchandise in the car they took Beckler to the station. He admitted that the car belonged to Peggie Nash, one of the plaintiffs in error, and that he was a brother of Frances Feeley, the other plaintiff in error. Beckler acknowledged in a statement given to the police that he drove

the car for the plaintiffs in error while they were picking up various articles of merchandise in several department stores. Both of the girls admitted in a written statement given to the police that they had taken quantities of merchandise from four department stores in St. Louis, Missouri, and from three department stores in East St. Louis, Illinois.

When a search of the car was made by the police two shoplifters' boxes were found. They were described by the officers as a cardboard box, wrapped in wrapping paper and tied with a string, having a hole about three by five inches in one corner of the box. Examination of the articles in the car of plaintiffs in error disclosed twenty-four men's shirts, nine ties, sixty-one pairs of men's socks, eighteen ladies' slips, twelve pairs of ladies' gloves, eight house coats, twenty-nine men's handkerchiefs, nine boxes of rouge, five bottles of perfume, necklaces, cosmetic bags, etc.

George E. Jarrach, manager of the East St. Louis W. T. Grant & Company store, identified certain articles mentioned in the indictment as having come from the East St. Louis store.

Plaintiffs in error testified that the articles found in their car had been purchased in several stores in St. Louis, Missouri, for use as Christmas gifts. Peggie Nash testified that she was employed as a cab dispatcher earning $23.50 per week, and that she supported her mother and herself with this salary.

The accused contend that the *corpus delicti* was not properly established, and that the admissions made by them were not sufficient to prove the *corpus delicti*. Circumstantial evidence may be resorted to in order to prove the *corpus delicti* in the same manner and to the same extent that such evidence may be admitted to connect the accused with commission of the offense. (*People* v. *Hanson,* 359 Ill. 266; *People* v. *Gillespie,* 344 id. *290; People* v. *Graves,* 331 id. 268.) Not only did the plaintiffs in error admit the taking of the articles but there were numerous other circumstances

which indicated that the merchandise had been stolen. The finding of the shoplifters' boxes, the large quantities of similar department store articles stuffed into cardboard boxes, the fact that none of the articles had been wrapped in packages by the stores allegedly making the sales, all satisfactorily proved the *corpus delicti* of the offense charged in the indictment without taking into consideration the admissions made by plaintiffs in error.

Complaint is made as to three given instructions, but the argument in respect thereto is without merit. Two of them applied only to a co-defendant who was acquitted, and the third one concerned the credibility of the testimony of the defendants. The jury was told in substance that the testimony of the accused was to be subjected to the same tests as that of any other witness, and we have so often approved this principle as to make any further discussion of it unnecessary. The defendants had a fair trial free from prejudicial error and no other result could justly have been arrived at than the one reached in this case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*